COCHRAN v. SESS et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. APPEAL—HARMLESS ERROR.
     Error in admitting testimony is harmless, where like testimony has been admitted without objection.

2. OPINION EVIDENCE.
     In an action for injuries caused by the fall of the walls of a building in course of construction, the opinion of a city building inspector, who was an expert and had seen the walls, as to the strength of the building, is competent.

3. APPEAL—HARMLESS ERROR.
     Error, if any, in permitting a witness to explain a photograph admitted in evidence, is harmless, where what is testified to is apparent from the picture itself.

**4. TRIAL—INSTRUCTION.**

An exception will not lie to the qualification by the court of a request to charge, where the request itself was presented in a form obscure and indefinite, and in one aspect of its language justified the qualification.

**5. MASTER AND SERVANT—INJURY TO EMPLOYE—LIABILITY OF CONTRACTOR.**

Although a contractor was not required by his contracts to lay the bottom for foundation walls, yet where he knew, or the conditions were such that he should have known, that the bottom laid was insufficient for the erection of the walls thereon, he may not negligently proceed with the work, and escape liability, as against an employé, for injuries caused by the fall of the walls due to such insufficient bottom.

**6. TRIAL—REFUSAL OF REQUEST.**

A refusal of a request to charge the jury as to what the evidence was in respect to a certain question is not error, where the request was made in such a form as to mislead the judge, and no attempt was made, when it appeared that he misunderstood the request, to clear up the mistake.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by William H. Cochran, as administrator, against Michael Sess and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was brought to recover $25,000 damages by the plaintiff as administrator of his son, who was killed by the fall of the walls of buildings in the course of construction at 20 and 22 East 116th street, and who at the time of the accident was at work as a brick mason upon the premises. The complaint alleges that the collapse of the buildings was caused by the defendants' negligence in constructing the foundation walls of the buildings, in that the cement used was poor in quality, and the masonry was not substantial, being composed of improper material, badly laid upon insecure and insufficient support. The answer of the defendants Sess, who were the contractors,— defendant Fordinsky, the owner, presenting no defense,—denies that the fall of the walls resulted from any defect in their work, and alleges that their part of the construction was properly done. Upon the trial it appeared that the defendants Sess had contracted "to do all the stonework for laying the foundations of the buildings, * * * and to furnish all the cement required for the completion of said foundations, and that, in case any stones will be required for the completion of the same, that they will furnish all such stones. * * *" On the part of the plaintiff there was testimony that, after the collapse of the buildings, it was observed that the defendants' foundation wall had bulged out so that it was not perpendicular, and that it had settled at least an inch; that the land on which the foundation was built was composed of slanting rock, and part of the wall rested upon filled in ground, entirely unsuited for the purpose, upon which an iron beam had been placed; that the wall itself was composed of stone blasted some years previous, which the defendants found on the premises, and which was irregular in size and shape, and mostly in small rough pieces, laid not in courses, but without any order, so that there were crevices between the stones into which a rod slipped down so far that there was danger of losing it; that the mortar used in the foundation was of poor and inferior quality. and many stones taken from the wall were not properly bedded, and were perfectly dry, without cement adhering to them; that proper binding stones, which are intended to run crosswise in the wall, were not provided. A photograph was presented by the plaintiff, and admitted in evidence, showing a portion of the wall as it appeared after the accident. There was also some evidence tending to show that the concrete bottom in rear was improperly placed on filled in ground, and that the iron beam in which the wall rested was improperly bedded. The defendant Michael Sess testified that a concrete bed and the iron beams on which the wall rested were made ready by the defendant Fordinsky, and had been approved by the building inspector, and formed a proper bottom; that in the construction of the wall the mortar used was well mixed with good cement, and skillful workmen were employed, and the work was like that ordinarily

62 N.Y.S.—69

done; that the stone used were what the defendant Fordinsky had instructed them to use, and were adapted to the work; that the masonry had not settled at all. John Sess testified that the wall was somewhat pushed out; that, although he saw the concrete bed, he left that to the inspector, and did not himself examine it, that not being his business,—stating, "I had my money to build the wall, and not examine how the owner did it." There was other testimony in behalf of the defendants that the cement used was good, and the stone such as ordinarily used, and some of the defendants' witnesses also stated that the wall had not settled, and no bulging was observed. Further testimony was given for the defendants to show that the brick walls built upon the stone foundation did not comply with the law as to thickness (sections 476, 478, Consol. Act), and that they were built during rainy weather, so that the bricks became saturated with moisture, and the lime of the mortar was washed away. There was also testimony that there had been blasting in the neighborhood.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Peter Mitchell, for appellants.
Thaddeus Kenneson, for respondent.

O'BRIEN, J. Although the contract of the defendants Sess related to the building of the foundation walls, their liability was sought to be fixed upon either or both of two grounds, namely, that not alone the foundation walls were themselves improperly constructed, but that they were placed upon a concrete bottom which was improperly and insecurely laid. The evidence tended to support both of these theories, and particularly the one based upon the faulty construction of the foundation walls, and, unless there were errors in rulings upon evidence or in the requests to charge, the verdict of the jury should not be disturbed.

This brings us to a consideration as to whether any of the numerous exceptions taken were good, and, without attempting to discuss at length all of them, it is necessary that we should briefly consider those which are more important, and upon which most reliance is placed by the appellants for a reversal of the judgment.

Joseph W. Cody, who was testifying for the plaintiff, was asked, "Now suppose you, as a contractor, had had the job of building the cellar wall there,—those cellar walls,—what would have been the first thing to do,—to do in a workmanlike manner?" and the answer received, over objection and exception, was, "To get a good bottom." When asked as to this, he said, "Yes, by all means; the foundation is the mainstay in the building." The question was then put, "Would you consider it ordinarily good workmanship to put a cellar wall on the bottom such as there was there?" and, after exception was taken, he replied, "No, sir; I would not." With regard to these exceptions, it will be noticed that the defendant John Sess said it was not his business to examine the bottom. And, furthermore, that in the examination of Mr. Rutherford the question was asked, "In the building of a cellar wall or foundation wall, what is the first thing, in the ordinary course of construction, to do,—what to ascertain first?" And the answer was, "See it is on the proper foundation, and see it is on the proper soil or rock." There was no exception taken to this question and answer. Again, in the examination of Michael Tully,

questions were asked and answers given without exception as follows: "Q. What is the proper way of filling in ground? How should ground be filled in? A. There is no proper way of filling in ground, but there is a proper way of building foundations. Q. What is the proper way? A. To excavate down to the solid bottom. Q. Were these walls built on a solid bottom? A. No, sir; part of them were. Q. And the rest of the wall? A. On filled-in ground." So, too, in the examination of Mr. O'Connor, the opinion of the witness was admitted in evidence; no exception being taken till after the answer was given. In view of these circumstances, it seems that the questions objected to were not harmful to the defendants.

Another line of exceptions was taken in the testimony of Mr. Rutherford on his recall. He was inspector in the building department of the city, and the question was asked him: "From your knowledge of the way in which a cellar wall should be built, where it has to support a building of the character that was to be put there; and from the observation which you took; the inspection which you made; everything you saw in respect to the absence or presence of binders or headers; the size of the stones; the manner in which the stone was laid, and the quality of the cement, and so on,—would you say that that wall was sufficient to sustain a building of the character that was to be erected upon it?" Objection was made that an opinion was called for, which was overruled, and exception taken. The answer given was, "It was not of sufficient strength." The next question was, "Why not?" and, after further exception, the witness answered: "Because the cement did not adhere to the stones, and the stones were not properly headed to make a homogeneous mass to support the weight to be sustained. That picture shows it." The plaintiff's counsel then said: "I would like you to look at plaintiff's Exhibit G, and just briefly explain to the jury what is indicated there." Objection was made that the picture speaks for itself, but under exception the witness said: "This clearly shows that the foundation wall is crushed, and let the brickwork down. If the brickwork had fallen, the brick would not have laid in that perfect manner." It appears that the court had previously refused to permit an opinion to be given as to the strength of the building, but in this instance there was reason for admitting such testimony, as it appeared that the witness was a building inspector. As said by the respondent, the objection made was not on the ground that the witness was incompetent to give an opinion, but on the ground that opinion evidence was not competent. Here the witness was not only an expert, but he had seen the walls. Under such circumstances, the testimony was admissible. Porter v. Manufacturing Co., 17 Conn. 249; Clinton v. Howard, 42 Conn. 294; Holcomb v. Holcomb, 95 N. Y. 316, 321. Concerning the testimony regarding the photograph, if wrongly admitted, it seems harmless, because what was testified to is clearly apparent from the picture itself.

This brings us to the charge, and the most serious exception in the case. The judge had charged:

"If you find, as a matter of fact, that the buildings collapsed by reason of faulty construction, bad workmanship, or material in the walls above the base-

ment, find for the defendants; for they had nothing whatever to do with that portion of the structure. If, on the other hand, you find that the buildings fell from defects in the material or workmanship in the basement or cellar, and that such were the responsible, direct, and proximate cause of the fall, find a verdict in favor of the plaintiff."

At the end of the charge the defendants' counsel asked:

"I ask your honor to charge that the work of the defendant Sess consisted simply of building the cellar walls on the rock foundation in front and on the concrete prepared by the owner of the buildings in the rear; that he had nothing to do with the concrete. There is no contradiction in that respect at all."

The court said:

"As between the owner and Sess, the contractor, that is right; but I decline to charge that as applying to the plaintiff."

The difficulty with the request is its obscurity and lack of precision. In one aspect, it may be regarded as a request to charge what testimony was given, directed to showing that, under the terms of their contract, no obligation, in the first instance, rested upon the defendant contractors to build the concrete bottom; or, on the other hand, it may be taken as a request to charge, as matter of law, that the defendants had no obligation resting upon them in regard to the concrete bottom, or, as stated in the request, "had nothing to do with it." It was in this latter sense undoubtedly that the trial judge understood the request, as shown by his statement in disposing of it, that, "as between the owner and Sess, the contractor, that is right, but I decline to charge that as applying to the plaintiff."

If the trial judge misapprehended the request, it was the duty of the counsel to clear up the misapprehension by calling the judge's attention, in definite language, to the mistake, if any, into which he had fallen. A good exception will not lie to a request to charge which is qualified by the court, where the request itself is presented in a form that is blind, obscure, and indefinite, and which, in one aspect of its language, justified the qualification. In this case, the judge could not properly charge, as matter of law, that the defendant contractors "had nothing to do with the concrete bottom," in the sense that they were relieved from all responsibility from the fact that, under their contract, they were not obliged to lay it; because, if they saw or knew, or the conditions were such that they should have seen or known, that it was insecure and insufficient for the purpose of building thereon the foundation walls, they could not negligently and heedlessly proceed with their work, and escape all responsibility as to third persons. That this was what the trial judge had in mind is evident from the qualifying language used. If what the defendants' counsel wished was a declaration on the part of the court as to what evidence had been given with respect to the person upon whom the obligation primarily rested of building the concrete foundation, then he should have made the point clear, so as not to mislead the judge; or else, when he saw that the judge misunderstood him, then it was his duty to clear up the mistake. We think the failure to do this—even if the present contention is sound, that what was sought was to have the judge instruct the jury, not upon the law, but upon what the evidence in the case was—deprives the appellants

of any benefit by reason of the exception taken. In none of the exceptions, therefore, does there appear reason for reversal; and as to the determination of upon whom the responsibility for the accident rested, and whether the defendants' work was or was not negligently and improperly done, we think, as did the jury, that the preponderance of evidence is with the plaintiff. The judgment and order accordingly should be affirmed, with costs.

RUMSEY and PATTERSON, JJ., concur.

INGRAHAM, J. I am unable to concur in the affirmance of this judgment. It appeared in this case without dispute that the appellants' contract was to build the cellar walls of this house, and that they had nothing to do with the concrete upon which this wall was built; that the concrete was laid before these appellants did any work; that when they went to build the walls the inspector of the department of public buildings went there, and examined the concrete, and passed upon it; that the inspector told the defendants, "You can go ahead; I saw the concrete put in; it is a proper bottom." There was also evidence to show that these defendants (appellants) built the walls upon this foundation, and the jury would have been justified in finding that the accident which happened was on account of the improper laying of the concrete upon which the cellar walls were built. The court charged the jury that if they should find, as a matter of fact, that the buildings collapsed by reason of faulty construction, bad workmanship, or material in the walls above the basement, they should find for the defendants; for they had nothing whatever to do with that portion of the structure. "If, on the other hand, you find that the buildings fell from defects in the material or workmanship in the basement or cellar, and that such were the responsible, direct, or proximate cause of the fall, find a verdict in favor of the plaintiff." After the charge was finished, counsel for the appellants asked the court to charge "that the work of the defendant Sess consisted simply of building the cellar walls on the rock foundation in front, and on the concrete prepared by the owner of the buildings in the rear; that he had nothing to do with the concrete. There is no contradiction of the evidence in that respect at all,"—to which the court replied: "As between the owner and Sess, the contractor, that is right, but I decline to charge that as applying to the plaintiff." The meaning of this request is clear, in view of what was actually said by the court. These appellants asked that the same rule be applied to the concrete under the walls, which the appellants were not to build, as the court had applied to the brick walls above the cellar walls, with which the defendants had nothing to do. That the court plainly understood that request is evident from its answer, which, in effect, was that, in a dispute between the appellants and the owner, that would be a correct proposition, viz. that the appellants had nothing to do with the concrete under the walls which they had built, but that, as between the plaintiff and the appellants, that was not the law, and for that reason the court declined to charge the jury as requested. I think this was error. There was no evidence

tending to show that these appellants had anything to do with the concrete upon which their walls were built. The burden was on the plaintiff to prove that the accident happened because of the negligence of these defendants, and the only evidence in the case in relation to the concrete underneath the walls that the appellants built was that the appellants had nothing to do with the laying of such concrete, or preparing the foundation upon which the cellar walls were built. As the plaintiff failed to prove that the defendants were responsible in any way for any defects in that concrete, or that from its appearance a prudent person would have refrained from building a wall upon it, if the accident happened in consequence of the improper preparation of the concrete for the cellar wall, these appellants were not liable. I think it was error to refuse to charge as requested, and that the judgment should be reversed.

VAN BRUNT, P. J., concurs.